UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK JERMAINE ARCENEAUX (#376350)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 10-518-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 3, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK JERMAINE ARCENEAUX (#376350)

VERSUS                                                    CIVIL ACTION

STEVE RADER, ET AL                                NUMBER 10-518-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 9. The motion is opposed.[1]

**Background**

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader, Lane Thomas, James Stevens, J. Chase, M. Allen, Jeffery Sloan, R. Lowe, Boyd McCartney, J. Norsworthy, Errol Mathews and Joseph Robinson.[2] Plaintiff alleged that the defendants implemented a policy which places his safety in jeopardy in violation of his constitutional rights. Specifically, the challenged policy requires that when one inmate is to be removed from a cell occupied by two extended lockdown inmates, one inmate is restrained and ordered to kneel at

---

[1] Record document number 10.

[2] M. Allen and R. Lowe were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

the rear of the cell while the other inmate is restrained. Plaintiff asserted that the restrained inmate is vulnerable to attack by the unrestrained inmate. Plaintiff sought declaratory and injunctive relief, essentially that the current policy violates the Eighth and Fourteenth Amendments and cannot be enforced unless the cell doors are changed so that both inmates can be restrained simultaneously, and that he be removed from his assigned cell. Plaintiff also sought an award of damages.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

### Applicable law

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

In determining whether a prison regulation impinges on an inmate's constitutional rights, the court must consider four factors which were set out in *Turner v. Safley*, 482 U.S.78, 107 S.Ct. 2254 (1987). These are: (1) whether the regulation has a logical connection to the legitimate government interests invoked to satisfy it, (2) whether there are alternative means of exercising the rights that remain open to the inmate, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may
be brought by a prisoner confined in a jail, prison, or
other correctional facility, for mental or emotional
injury suffered while in custody without a prior showing

of physical injury.

## Analysis

Plaintiff alleged that the defendants implemented a policy which provides that when one inmate is to be removed from a cell occupied by two extended lockdown inmates, one inmate is restrained and ordered to kneel at the rear of the cell while the other inmate is restrained.  Plaintiff asserted that the restrained inmate is vulnerable to attack by the unrestrained inmate.  Plaintiff alleged that on several occasions he was attacked and injured by an unrestrained cell mate after he was restrained and required to kneel at the rear of his cell while the cell mate was still unrestrained.

However, the plaintiff did not allege that he was attacked and injured by his cell mate on the only occasion identified is complaint, February 23, 2010.  Consequently, any deficiency in the policy did not cause any physical harm to the plaintiff on that occasion.  Plaintiff's non-specific allegations about injuries sustained on other occasions are not sufficient to state a claim upon which relief can be granted.

Pursuant to Rules 7 and 12(b)(6), Fed.R.Civ.P., and *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the plaintiff should be allowed a reasonable opportunity to amend his complaint to specifically identify an occasion when the application of the policy resulted in physical harm to him, identify the correctional

officers involved in the application of the policy on that occasion,[3] and allege facts "tailored to an answer pleading the defense of qualified immunity."[4]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted.

It is further recommended that the plaintiff be granted 14 days from the ruling on the defendants's motion to file an amended complaint to specifically identify an occasion when the application of the policy resulted in physical harm to him, identify the correctional officers involved in the application of the policy on that occasion, and allege facts "tailored to an answer pleading the defense of qualified immunity.".

Baton Rouge, Louisiana, November 3, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court does not assume that the same defendants would also have been involved on another occasion. Consequently, the claims against the current defendants will be subject to dismissal if they were not also involved on the other occasion, and claims against different defendants may be subject to dismissal as being untimely.

[4] *Schultea*, at 1433-34. Defendants asserted qualified immunity as one basis for granting their motion. Record document number 9-1, supporting memorandum, pp. 4-5, 8-9