UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK JERMAINE ARCENEAUX (#376350)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 10-518-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 13, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK JERMAINE ARCENEAUX (#376350)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 10-518-JJB-SCR

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

A Magistrate Judge's Report was submitted to the district judge recommending that the defendants' Motion to Dismiss Pursuant to FED.R.CIV.P., Rule 12(b)(6) and 12(b)(1) be granted and that the plaintiff be granted 14 days from the ruling on the motion to file an amended complaint to specifically identify an occasion when the application of the challenged policy resulted in physical harm to him, the identity of the officers involved, and to allege facts specifically tailored to an answer pleading the defense of qualified immunity.[1]

The district judge issued a Ruling on the defendants' motion December 8, 2010.[2] Prior to the issuance of the Ruling, and clearly in anticipation of it, the plaintiff amended his complaint to allege that on April 8 or 9, 2008, and December 3, 2008, while

---

[1] Record document number 15, report; record document number 9, motion to dismiss.

[2] Record document number 20.

he was restrained he was attacked by his unrestrained cell mate.[3]

In an action proceeding under 42 U.S.C. § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Plaintiff signed his original complaint on August 7, 2010, and it was filed on August 10, 2010. Therefore, any claims the plaintiff had against these defendants regarding acts which occurred in 2008 have prescribed and should be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

For the reasons set forth in the Magistrate Judge's Report issued November 3, 2010, as supplemented herein, it is the recommendation of the magistrate judge that the claims alleged in

---

[3] Record document number 19.

the plaintiff's amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the claims against M. Allen and R. Lowe be dismissed for failure to timely serve them pursuant to Rule 4(m),[4] Fed.R.Civ.P., and this action be dismissed.

Baton Rouge, Louisiana, December 13, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] The Magistrate Judge's Report noted that these defendants had not been served. Record document number 15, p. 1, n. 2. A copy of the Process Receipt and Return filed September 9, 2010 showing they were not served was mailed to the plaintiff. Record document number 6. Plaintiff has taken no action to obtain an address where they can be served or otherwise have them served. The time allowed by Rule 4(m) to serve the defendants has expired. Even if they had been served, for the reasons stated in the Magistrate Judge's Report and this Supplemental Magistrate Judge's Report, he has no claim against them.

3